UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRELL GLASS; DUSTIN SCHNATZ; and JORDAN TERRADO, individually and on behalf of all others similarly situated,,<br><br>Plaintiffs,<br><br>v.<br><br>FMM ENTERPRISES, INC; EC LENDING, LLC; GTPD ENTERPRISES, INC; CYNTHIA WASH; RYAN MCAWEEENEY; NEIL BILLOCK, and DOES 1-10 jointly and severally,<br><br>Defendants. | Case No.: 3:17-cv-0563-JAH-KSC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** |

Before the Court is Plaintiffs' *Ex Parte* Motion for a Temporary Restraining Order ["TRO"] regarding improper communications with the punitive class. [Doc. No. 66]. Tyrell Glass, Dustin Schnatz, and Jordan Terrado ("Plaintiffs") seek an order restraining and enjoining FMM Enterprises, Inc., Cynthia Walsh, Ryan McAweeney, and Neil Billock ("Defendants"), and their counsel, from engaging in unsolicited communications with potential class members regarding this action. See Doc. No. 66.

\\

**BACKGROUND**

Plaintiffs brought a class action against Defendants alleging labor law violations, including the Fair Labor Standards Act ("FLSA"). See Doc. No. 61. Plaintiffs' filed a Motion to Prohibit Ex Parte Communications with Potential Members of the Class [Doc. No. 63], which is scheduled to be heard by this Court on February 12, 2018. Plaintiffs then filed this Motion for TRO on January 16, 2018. [Doc. No. 66]. In Plaintiffs' Motion for TRO, they allege Defendants' counsel has been contacting and meeting with potential class members to obtain releases using misrepresentations or outright fraud. See Id.

**DISCUSSION**

**1.  Legal Standard**

The purpose of a temporary restraining order ("TRO") is to preserve the *status quo* before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974) (noting that a TRO is restricted to its "underlying purpose of preserving the *status quo* and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). As such, an applicant for a TRO is required to demonstrate "immediate and irreparable injury, loss or damage." Fed. R. Civ. P. 65(b); see also Caribbean Marine Serv. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

The standard for issuing a TRO is similar to the standard for issuing a preliminary injunction. Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). The Ninth Circuit recognizes two tests for demonstrating preliminary injunctive relief: the traditional test or an alternative sliding scale test. Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).  Under the traditional test, a party must show: "1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest (in certain cases)." Save Our Sonoran, Inc. v. Flowers, 408 F.3d 1113, 1120 (9th Cir. 2005). Where a party demonstrates that a public

interest is involved, a "district court must also examine whether the public interest favors the plaintiff." Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1400 (9th Cir. 1992).

Alternatively, a party seeking injunctive relief under Fed.R.Civ.P. 65 must show either (1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party. Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS, 306 F.3d 842, 873 (9th Cir. 2002); Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1119 (9th Cir. 1999); Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998). "'These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" Roe, 134 F.3d at 1402 (quoting United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992); accord Sun Microsystems, 188 F.3d at 1119). "Thus, 'the greater the relative hardship to the moving party, the less probability of success must be shown." Sun Microsystems, 188 F.3d at 1119 (quoting Nat'l Ctr. for Immigrants Rights v. INS, 743 F.2d 1365, 1369 (9th Cir. 1984)).

The Ninth Circuit makes clear that a showing of immediate irreparable harm is essential for prevailing on a TRO. See Caribbean Marine, 844 F.2d at 674. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Id. Moreover, "a plaintiff seeking an injunction against a local or state government must present facts showing a threat of immediate, irreparable harm before a federal court will intervene." Midgett v. Tri-County Met. Transp. Dist., 254 F.3d 846, 851 (9th Cir. 2001). Thus, a plaintiff must show the presence of an "immediate threatened injury as a prerequisite to preliminary injunctive relief." Id., citing Los Angeles Memorial Coliseum Commission v. National Football League, 634 F.2d 1197, 1201 (9th Cir. 1980).

## ANALYSIS

Plaintiffs' contend that they will suffer irreparable harm if the Court denies their request for a TRO. See Doc. No. 66. Plaintiffs argue Defendants' patently false and misleading representations hinder potential class member's ability to make an informed

choice, thus harming the integrity of the class action lawsuit. Id. Additionally, Plaintiffs' contend Defendants' actions irreparably harm Plaintiffs' ability to conduct a thorough investigation when Defendants direct their employees and other potential class members to provide false information regarding their pay, hours and other working conditions. Id. In support of their contention, Plaintiff cite to the declaration of Omari Bobo. [Doc. No. 63–3]. In his declaration, Mr. Bobo stated he met with a man named Ken Griffin. Id. Mr. Griffin asked Mr. Bobo to sign a declaration in exchange for a settlement check. Id. Mr. Bobo read the declaration he was asked to sign, and informed Mr. Griffin that the declaration was false. Id. According to Mr. Bobo, he was told by Mr. Griffin that he would not receive his check unless he signed the declaration. Id. Finally, Plaintiffs' argue irreparable harm will continue unless stopped by Court order, as Defendants' counsel refuses to cease communications with potential class members. See Doc. No. 66–2, ¶ 5.

Pre-certification communication between defendants and potential plaintiffs is generally permitted. Parks v. Eastwood Ins. Servs., Inc., 235 F. Supp. 2d 1082, 1084 (C.D. Cal. 2002) (citing Weight Watchers of Philadelphia, Inc. v. Weight Watchers Int'l, Inc., 455 F.2d 770, 773 (2nd Cir.1972)). It is critical, however, that potential plaintiffs "receive accurate and impartial information regarding the status, purposes and effects of the class action." Kleiner v. First Nat. Bank of Atlanta, 751 F.2d 1193, 1202 (11th Cir. 1985). The Court finds there is a high probability of irreparable harm, if as alleged here, potential plaintiffs are being urged by Defendants to sign declarations which they know to be false. Since Plaintiffs have demonstrated the possibility of immediate and irreparable injury, it need not demonstrate a strong likelihood of success on the merits to prevail here. See Sun Microsystems, 188 F.3d at 1119. However, based on this Court's review of the pleadings presented, Plaintiffs have shown some likelihood of success on the merits of their claim. Also, this Court has considered the hardships placed on Defendants' by granting this TRO,

and finds any hardship marginal in contrast to the irreparable harm that could befall potential class members.[1]

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Temporary Restraining Order is **GRANTED**.
2. FMM Enterprises, Inc.; GTPD Enterprises, Inc.; Cynthia Walsh; Ryan McAweeney; and Neil Billock, and their counsel, are prevented from engaging in any unsolicited communications regarding this action with any potential class members, unless pre-approved by the Court.
3. This temporary restraining order is entered on **January 18, 2018** and will **expire on January 31, 2018 at 5:00 p.m.**, unless otherwise ordered by this Court.
4. This Order shall be binding upon the parties to this action, their agents, employees, and assigns, and all other persons or entities who receive actual notice of this Order by personal service or otherwise.
5. A hearing on Plaintiffs' Motion for Preliminary Injunction [Doc. No. 63] is set for **January 31, 2018 at 3:30 p.m., before this Court**.
6. The previous hearing date of February 12, 2018 is **VACATED**.
7. Defendants shall file a response to Plaintiffs' Motion for Preliminary Injunction [Doc. No. 63] **no later than January 23, 2018**, and Plaintiffs' may file a reply **no later than January 26, 2018**.

**IT IS SO ORDERED.**

\\

---

[1] The Court has received and acknowledges Defendants' Notice of Intent to Oppose Plaintiffs' TRO. [Doc. No. 67]. This Court is of the mind, however, that any delay could pose a serious risk of irreparable harm to Plaintiffs. The Court has rescheduled the Motion for Preliminary Injunction to an earlier date to allow Defendants' an opportunity to be heard on the matter.

DATED:   January 18, 2018

_____
JOHN A. HOUSTON
United States District Judge