1  AARON A. BUCKLEY (SBN 202081)
   KARA SIEGEL (SBN 296126)
2  **PAUL, PLEVIN, SULLIVAN &
   CONNAUGHTON LLP**
3  101 West Broadway, Ninth Floor
   San Diego, California 92101-8285
4  Telephone: 619-237-5200
   Facsimile: 619-615-0700
5
6  JAMES P. ARMSTRONG (SBN 193257)
   James@TheArmstrongFirm.net
7  THE ARMSTRONG FIRM
   A PROFESSIONAL CORPORATION
   737 Pearl Street, Suite 204
8  La Jolla, California 92037
   Tel: 619.315.9008 Fax: 858.228.5934
9
   Attorneys for Defendants FMM
10 Enterprises, Inc.; GTPD Enterprises, Inc.;
   Cynthia Walsh; Ryan McAweeney; and
11 Neil Billock

12              **UNITED STATES DISTRICT COURT**

13              **SOUTHERN DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| 15  TYRELL GLASS; DUSTIN SCHNATZ; and JORDAN TERRADO, individually and on behalf of all others similarly situated, | Case No. 17-cv-00563-JAH-KSC **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* RENEWED MOTION TO STAY** |

15  TYRELL GLASS; DUSTIN
16  SCHNATZ; and JORDAN TERRADO,
    individually and on behalf of all others
17  similarly situated,

                Plaintiffs,
18
19          v.

20  FMM ENTERPRISES, INC; EC
    LENDING, LLC; GTPD
21  ENTERPRISES, INC; CYNTHIA
    WASH; RYAN MCAWEEENEY;
22  NEIL BILLOCK, and DOES 1-10
    jointly and severally,

                Defendants.
23
24

Case No. 17-cv-00563-JAH-KSC

**DEFENDANTS' MEMORANDUM
OF POINTS AND AUTHORITIES
IN SUPPORT OF *EX PARTE*
RENEWED MOTION TO STAY**

Date:          Not yet set
Time:          Not yet set
Crtrm.:        13B

Judge:         John A. Houston
Trial Date:    Not yet set

**HEARING REQUESTED**

25
26
27
28

# I. INTRODUCTION

On February 12 and 27, 2018, the Court issued its final orders ("Orders") regarding the parties' communications with putative class members, directing there be no communication by either party with any putative class member and directing transmission of a notice to putative class members. Defendants have complied with the Court's orders timely and diligently. However, because it appears the Orders have the prospect of depriving Defendants of a portion of their Constitutional rights, and have the potential to irreparably prejudice Defendants in the eyes of the 123 or so putative members, Defendants have promptly noticed an appeal of the Court's determinations and requested expediting briefing to enable speedy resolution and avoid delay. Defendants have also filed an Emergency Motion with the Ninth Circuit seeking a stay of the Orders. The Ninth Circuit has ordered a response to that motion be filed Monday, March 12, 2018 at 12:00 noon at a reply be filed the same day by 5:00 p.m.

Defendants previously requested a stay in this Court of the rulings made at oral argument on January 31, 2018, which request was denied. In light of Plaintiffs' pursuit of contempt proceedings, it appears that to maintain the status quo a stay of proceedings is necessary. A stay will not significantly disrupt the litigation, which is still in the early stages, and will not prejudice Plaintiffs, who waited five months to raise with the Court Defendants' communications with the putative class. Pressing forward with the continued briefing on Plaintiffs' request for contempt, reconsideration, and modification of the Orders, however, may all be for naught if relief is provided by the Ninth Circuit. Conversely, a temporary stay will cause no prejudice, protect both parties, conserve resources, and is consistent with Rule 23(d)'s goals of ensuring fairness and avoiding confusion.

For these reasons, Defendants respectfully request the Court issue a stay of this action until the Ninth Circuit either hears and decides Defendants' appeal on an expedited basis, or indicates that it will not do so.

## II. RELEVANT BACKGROUND

The relevant background is set forth in Defendants' opposition [dkt. 97] to Plaintiffs' *ex parte* Application action and is incorporated herein.

## III. A STAY SERVES SUBSTANTIAL JUSTICE.

This Court has broad power to stay proceedings pending resolution of Defendants' appeal. "District courts have inherent authority to stay proceedings before them." *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003). This power "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).

A stay is appropriate to prevent significant, irreparable harm to Defendants.

If the Orders are modified as requested by Plaintiffs, then Defendants must choose between inviting contempt and complying with Orders that violate their Constitutionally protected rights. *Cf. Gulf Oil v. Bernard*, 452 U.S. 89, 103 n.17 (1981). As this Court acknowledged by its order vacating the hearing on Plaintiffs' conditional-certification motion, the ban on all communication with putative class members harms Defendants by preventing investigation and evidence-gathering. With this ban in place, Defendants cannot meaningfully prepare for motion practice, engage in discovery, or otherwise defend themselves in any meaningful way. Moreover, Defendants' prompt appeal will be largely undermined if the Court's curative notice is issued before the Ninth Circuit hears Defendants' appeal.

Thus, the Orders place Defendants in a significant quandary regarding the exercise of their Constitutional rights under the First Amendment as articulated in *Gulf Oil v. Bernard*, 452 U.S. 89 (1981), and may result in irreparable harm to Defendants not curable without a stay. For instance, although the Court has acknowledged Defendants' right to communicate with putative class members, the notice implies that Defendants required Court authorization to provide information to putative class members, and states that Defendants' communications were

"improper," so improper as to require a "corrective" notice. If sent, the notice's potentially harmful characterization of Defendants' lawful efforts to offer *Pick Up Stix* settlements and participate in *Gulf Oil* communications as "improper" and requiring "correcti[on]" cannot be undone after trial. *Bernard v. Gulf Oil*, 619 F.2d 459, 475-76 (5th Cir. 1980) (*en banc*) (noting that courts can address only "findings of particular abuses," not hypothetical, implied or "potential abuses"), *aff'd* 452 U.S. 89 (1981).

The notice also suggests to the putative members that Court authorization was required for Appellants' communications, when *Gulf Oil* does not impose this requirement; invites putative class members to reevaluate their settlement meetings, suggesting that they were "pressured" to settle, despite no finding or evidence of any such pressure; informs putative class members that they "now" have the right to seek counsel, even though the evidence shows that they were advised in writing of that right and exercised it—including during settlement meetings. (Defendants' concerns with the notice in its approved form are detailed in Ex. 1 hereto).

The notice also informs putative class members that they are among "the similarly situated current and former employees" who may benefit in this suit, prejudging this important issue even though no class has been conditionally certified under 29 U.S.C. § 216. The notice includes other instances that may, in the eyes of the very recipients the Court means to protect, prejudge the case, prejudice Defendants, and confuse putative class members. (*E.g.*, Dkt. 92-1 (referring to "your wage claims" when no claims have yet been established or class certified); (potentially overstating available overtime recovery); (stating attorney's fees will be paid to the putative class members, rather than class counsel); (introducing unripe issue of "class settlement" when case has not yet been conditionally certified under the FLSA or certified under Rule 23); (promising Court intervention "to protect you" to ensure any class settlement is "fair and reasonable," thereby suggesting that putative members require protection from lawful communication under *Gulf Oil* and

impugning Defendants' settlements before any settlement agreement has been relied upon as defense). These concerns are sufficiently material that the only reasonable means to protect Defendants and avoid a future attempt to "unring" the "Notice bell," that a stay is appropriate to preserve the status quo and preserve resources.

Should the notice issue immediately, as Plaintiffs now request, the result will be to preclude Defendants from seeking review of the Constitutional issues raised by the Orders. Moreover, the prejudice to Defendants and confusion of putative class members resulting from issuance of the notice cannot be undone and cannot be amended by post-judgment review. Plaintiffs, by contrast, are not prejudiced at all by the delay necessary to afford resolution by the Ninth Circuit. The case remains in an early stage with no pending discovery. The balance of the equities as well as Rule 23(d)'s goals of fairness and avoiding confusion counsel denial of Plaintiffs' request that the Court order immediate issuance of its notice should be denied.

By contrast, a brief stay of proceedings will neither prejudice Plaintiffs nor disrupt the litigation. The issues on appeal are discrete, and Defendants have sought expedited briefing to enable the Ninth Circuit to resolve them as promptly as possible. The Ninth Circuit has likewise ordered immediate briefing on the stay request, with a response due at 12:00 PDT on Monday, March 12, 2018 and a reply due the same day at 5:00 p.m. PDT. In the meantime, the case remains at an early stage, there are no pending deadlines, and discovery has not yet begun, so a brief stay would not require additional docket management or motion practice. Particularly given that Plaintiffs waited five months to raise this issue with the Court, they cannot now be heard to complain of a brief stay to enable its resolution.

The balance of the equities thus favors a stay given the evident and irreparable harm to Defendants absent a stay and the lack of harm to Plaintiffs. A stay also comports with Rule 23's goals of avoiding complication and ensuring that the parties "fairly conduct the action." Fed. R. Civ. P. 23(d)(1)(A), (B). A stay will permit clarity on the disputed issues and avoid a rush to send out a class notice

that—if not supported by law—cannot be undone and whose impact can be ameliorated only with signification confusion to the putative class members.

## IV. CONCLUSION

For all these reasons, Defendants respectfully request that the Court grant their renewed motion to stay this action until the Ninth Circuit either hears and decides Defendants' appeal or indicates that it will not do so.

RESPECTFULLY SUBMITTED March 9, 2018.

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: */s/ Aaron Buckley*
AARON A. BUCKLEY
KARA SIEGEL
Attorneys for Defendants
FMM Enterprises, Inc.; GTPD Enterprises, Inc.; Cynthia Walsh; Ryan McAweeney; and Neil Billock

### THE ARMSTRONG FIRM
A PROFESSIONAL CORPORATION

By: */s/ James Armstrong*
James Armstrong (SBN 193257)
737 Pearl Street, Suite 204
La Jolla, California 92037
Attorneys for Defendants

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2018 I electronically transmitted the attached document to the Clerk's office using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants.

By: */s/ James Armstrong*

Case No. 17-cv-00563-JAH-KSC